IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Zerlena T. Combs,

Case No. 3:06 CV 2070

               Plaintiff,

MEMORANDUM OPINION
AND ORDER

    -vs-

JUDGE JACK ZOUHARY

Toledo Public Schools, et al.,

               Defendants.

### BACKGROUND

*Pro se* Plaintiff, Zerlena Combs, filed suit against the Toledo Public Schools ("TPS") and numerous individual defendants alleging violations of federal and state civil rights.  The case was referred to United States Magistrate Judge Armstrong for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  In her Report and Recommendation (Doc. No. 55), the Magistrate Judge denies Plaintiff's Motion for Injunctive Relief (Doc. No. 40) and grants Defendants' Joint Motion for Judgment on the Pleadings (Doc. No. 48) and Motion to Dismiss (Doc. No. 49).

Plaintiff filed a general objection to the Report and Recommendation without identifying any specific point of error in the Magistrate's findings (Doc. Nos. 58 and 60).  Nonetheless, in accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) and (C), this Court has made a *de novo* determination of the Magistrate's findings.  For the following reasons,  the Court finds Plaintiff's objections are not well taken and are denied.

**DISCUSSION**

Local Rule 72.3(b) of the Northern District of Ohio requires a party who wishes to challenge a Magistrate's Report and Recommendation to file *specific* objections, which identify the portions of the Magistrate's recommendation to which the objection is made and the basis for the objection.  As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the District Court.  An objection which fails to specify the issues of contention does not satisfy the requirement; rather, the objection must be clear enough to enable the District Court to discern those issues that are dispositive and contentious.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  In short, a party's failure to file specific objections constitutes a waiver of the right to appeal those findings.

Because Plaintiff is a *pro se* litigant, this Court, in reviewing her Motion for Resumption of Proceedings (Doc. No. 58) and supporting Brief (Doc. No. 60), will consider specific objections to the extent they can be discerned.

### *Plaintiff's Second Request for Injunctive Relief*

The Magistrate determined Plaintiff was not entitled to a preliminary injunction because she did not comply with the requirements of Federal Rule Civil Rule 65.[1]  This Court did not discern an objection to this ruling in Plaintiff's submissions.  Plaintiff focuses instead on the merits of her underlying claims and the Court's jurisdiction over the subject matter.  Further, this Court finds the Magistrate properly applied the standard for preliminary injunctive relief.  One of the requirements

---

[1]

Plaintiff requested that the Court: (1) promote Imani Platter to the next grade level, or alternatively assign Platter to a new teacher; (2) order Jeffrey Hiestand to refrain from harassing Platter; (3) order TPS to refrain from enforcing its dress code; and (4) order TPS to hold a parent/teacher conference between Plaintiff and Defendant Hiestand.

2

for a temporary restraining order under Civil Rule 65(b) is submission of an affidavit or verified complaint alleging immediate and irreparable harm that would be suffered without injunctive relief. Courts apply the same standard to temporary restraining orders and preliminary injunctions when there has been notice and an opportunity to be heard. *Rios v. Blackwell*, 345 F.Supp 2d 833, 835 (N.D. Ohio 2004).

The Record supports the Magistrate's finding that Plaintiff failed to submit affidavits or a verified complaint. This failure to comply with the requirements of Rule 65 is fatal to Plaintiff's claim for injunctive relief. Further, Plaintiff's Second Request for Injunctive Relief fails to establish the factors required for injunctive relief, including likelihood of success on the merits and the need for injunctive relief. *See Rios*, 345 F.Supp 2d at 835.

### *Joint Motion for Judgment on the Pleadings*

The Magistrate recommended dismissal of the Complaint in its entirety with respect to the Joint Motion for Judgment on the Pleadings under Federal Civil Rule 12(c), which provides in pertinent part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

Defendants specifically challenged Plaintiff's standing to sue. The Magistrate found Plaintiff failed to allege any concrete injury traceable to illegal conduct by Defendants that would likely be redressed by judicial relief. In particular, the Magistrate noted many of Plaintiff's allegations were grievances on behalf of the entire minority population (Doc. No. 55, p. 8).

Plaintiff's objection details the personal harm and stress she has suffered, allegedly because of the conduct of various Defendants. However, Plaintiff fails to assert a connection between her harm and specific unlawful conduct by individual Defendants. For example, Plaintiff claims she lost

3

protection of the law because the prosecutor did not investigate her complaint of stolen candy money at the school  (Doc. 58, p. 8); and that a state court judge ordered her held on bond for a misdemeanor charge (Doc. 58, p. 9).  But these general allegations are not the cause of concrete injury to Plaintiff.

Some of Plaintiff's other allegations may be cognizable harms, but she does not have standing to sue on behalf of others.  For example, she does not have standing to sue for the harm she alleges her son suffered in allegedly being disciplined at school without a hearing (Doc. 58, p. 7).

The Magistrate properly granted Defendants' Motion for Judgment on the Pleadings because Plaintiff's numerous grievances cannot be remedied by judicial relief.

### *Leona Group Defendants' Motion to Dismiss*

The Magistrate recommended dismissal of the action against Defendants Leona Group, Coates and Kadel under Federal Civil Rule 12(b)(1) for lack of subject matter jurisdiction.  Specifically, Defendants argued Plaintiff failed to allege standing or causation for her injuries.

Plaintiff broadly alleges the Court has subject matter jurisdiction because of claimed violations of federal civil rights.  However, she lacks standing to sue for generalized grievances related to tax expenditures to support Defendant Leona Group's operation of its charter schools.  Further, Plaintiff, as a *pro se* litigant, cannot represent others, including her children.  Neither *Goss v. Lopez*, 419 U.S. 565 (1975) nor *Winkleman v. Parma City Sch. Dist.*, ____ U.S. ____, 127 S.Ct. 1994 (2007) supports Plaintiff's argument that she is entitled to litigate these claims *pro se* on behalf of her children. Finally, Plaintiff's objection based on the illegality of the collective bargaining agreement between the TPS and the Toledo Federation of Teachers fails to establish an allegation of specific harm to Plaintiff that accords her standing.

4

The Magistrate properly granted Defendants' Motion to Dismiss because Plaintiff lacks standing to sue, which is a prerequisite for this Court's subject matter jurisdiction.

### CONCLUSION

After conducting a *de novo* review of the Report and Recommendation and objections raised by Plaintiff, the Magistrate's Report and Recommendation is hereby adopted and affirmed and Plaintiff's claims are dismissed.

IT IS SO ORDERED.

> \_\_\_s/ *Jack Zouhary*\_\_\_\_\_
> JACK ZOUHARY
> U. S. DISTRICT JUDGE
>
> September 27, 2007

5